IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No.   **09-cv-1607-AP**

**CELIA A. DANIELS,**

       Plaintiff,

v.

**MICHAEL J. ASTRUE, Commissioner of Social Security,**

       Defendant.

**ORDER GRANTING MOTION TO DISMISS**

Kane, J.

I have reviewed Plaintiff's Response (Doc. 21) to Defendant's Motion to Dismiss her Complaint, which seeks a return of social security disability benefit payments that were terminated in 2003. Unfortunately, there is nothing in Plaintiff's Response that would preclude the dismissal of her claims, which were adjudicated both administratively and then through appeal here in the federal district court to a final judgment in the Commissioner's favor. *See* Civ. Action No. 06-cv-2096-REB, Order Affirming Commissioner's Disability Decision (Doc. 33)(Blackburn, J. March 18, 2008). While Plaintiff is free to commence a new action for benefits based on any new or current disability she is suffering, and appears to have made at least one such attempt earlier this year, she can no longer pursue those claims that have already been litigated to a final judgment on their merits.

"Under *res judicata*, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action." *Wilkes v. Wyoming Dept. of Employment Div. of Labor Standards*, 314 F.3d 501, 503-04 (10th Cir. 2002). Because Ms. Daniels' current complaint seeks a review of disability claims that have already been fully adjudicated, by the same parties, and reduced to final judgment, the doctrine of *res judicata* applies and her Complaint fails to state a claim upon which relief may be granted.

Accordingly, Plaintiff's Complaint is DISMISSED, with the parties to bear their own fees and costs.

Dated: November 6, 2009               **s/John L. Kane**
                                      SENIOR U.S. DISTRICT JUDGE